SMILAX. The (WILMER v.). See Case No. 17,777.

SMILEY (UNITED STATES v.). See Case No. 16,317.

---

## Case No. 12,966.

### Ex parte SMITH.

[3 App. Com'r Pat. 414.]

Circuit Court, District of Columbia. Dec. 21, 1860.

PATENTS—PATENTABILITY—NOVELTY AND UTILITY

[Smith's invention of an improvement in iron pavements by laying the blocks or plates so separated from each other that one or more may be readily taken up, without injury, possesses utility and patentable novelty.]

[Appeal by Barzellai C. Smith from a decision of the commissioner of patents refusing to grant him a patent for improvements in iron pavements.]

DUNLOP, Chief Judge. This is an appeal to me from the decision of the commissioner refusing a patent to B. C. Smith, for improvements in iron pavements. Mr. Smith does not claim the "fastening the plates or blocks of pavements by mortises and tenons, or dowels, or their equivalents," but his claim is in fact limited to a mode of laying such blocks of iron pavements as follows, to wit: "An iron pavement composed of a series of plates, laid a given distance apart from each other, and having projections and recesses, so proportioned to that distance that one of the plates may be readily removed, after a slight lateral movement of the adjacent plates, as herein set forth."

The question presented on this appeal is within a very narrow compass. Mr. Smith claims to have invented a mode of laying pavements of iron, by which, without disturbing the body of the pavement, particular plates may be taken up and replaced at small cost, to lay down and repair, in cities and towns, under ground sewers, water and gas pipes. Heretofore, the iron plates, as shown in the references given by the office, have been laid, iron to iron, fastened together by tenons and mortises, so as to fit close, and therefore costly and difficult to get up, without fracture, when the purposes above referred to called for their removal. Smith's mode is to lay the plates about an eighth of an inch apart, and to proportion the mortises and tenons to that distance, filling up the interstices, with sand, gravel, or such; making when so filled up, an equally solid and compact pavement. When a

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

plate or plates are desired to be removed, the sand or earth in the interstices of the adjacent plates is picked out, which gives room, by lateral pressure, to take up the plates desired to be removed, without fracture of the plate or tenons, so as to get at the ground below, for laying or repairing sewers, water and gas pipes.

It is not denied by the office that this contrivance is useful. Smith, it seems, offered to prove it, which was not insisted on, and its utility is apparent, on inspection of the papers, model, and drawings. The office refused to patent it, and the argument, in substance, of the board of appeal is that the thing was obvious, and within the reach of ordinary mechanical skill, and, further, that the elements were all old, and well known. This argument is answered by the fact that, though iron pavements have been introduced and patented as early as the year 1815, no such device, though useful, has been heretofore contrived by any mere mechanic who has laid such pavements. That can hardly be said to be obvious which has taken so long a time to find out.

I agree, it is sometimes difficult to determine where ordinary mechanical skill ends, and invention begins. The best practical principle to guide the office is that laid down by the courts of justice, and which must be regarded as settled patent law, that where the combination of known elements produces new and useful results to the public, not before attained, there the person who discovers and applies the combination is an inventor, within the true intent and meaning of the patent law. I refer to Prouty v. Draper, 16 Pet. [41 U. S.] 336; Godon & Burke's Law of Patents and Copyrights, 63; Many v. Sizer [Case No. 9,056],—referred to in Commissioner Holt's decision in Phelan's Case; Curt. Pat. §§ 24, 73, 94; Ryan v. Goodwin [Case No. 12,186]; my own decision in the Case of Larowe [Id. 8,093], March 6, 1860.

The commissioner, in his answer to the reasons of appeal, says: "Now, it seems to me clear that it is not patentable, at this day, to lay blocks of any material, to be held together by known fastenings, at any given distance from each other, for any purpose." This asserts the doctrine, if I rightly understand the commissioner, that no combination of known elements of invention, applied in a mode not before practiced, however new and useful the results produced by such combination, is patentable. The authorities I have cited are not in harmony with this position.

Again, the commissioner, in the same paper, says: "The determined distance at which the plates shall be placed from each other, so that the change in this distance shall permit the removal of one or more, is a mere arbitrary measure adapted to the particular occasion, but to my mind this adoption of a determined distance to isolate a single plate of the series is not an invention, within the meaning of the patent law, and derives no patentable novelty, from its relation to the mode of fastening selected." But the determined distance is not arbitrary; it is deliberate, and designed by the applicant, Smith, for attaining a useful purpose. It is not adapted to the particular occasion only, but is meant for all occasions and all times where iron pavements are to be used; and, whether it is patentable or not, I think, depends upon the question whether the results produced are new, and useful and valuable to the public. As these results are so new, useful, and valuable, I can see no reason why Smith should be denied a patent. He ought not to be so denied because his invention is simple. In the case of Ryan v. Goodwin [supra] Judge Story said: "The combination is apparently very simple; but the simplicity of an invention, so far from being an objection to it, may constitute its great excellence and value. Indeed to produce a great result by very simple means, before unknown or unthought of, is not unfrequently the peculiar characteristic of the very highest class of minds."

I sustain the appellant's reasons of appeal, and do, this 21st December, 1860, reverse the decision of the honorable, the commissioner of patents, of date the 30th August, 1860; and I do further, this 21st December, 1860, adjudge that a patent be issued to Barzellai C. Smith, for the improvement in iron pavements, as claimed by him. I return herewith to the office all the papers, models, and drawings, with this my opinion and judgment, this 21st December, 1860.